```
 1                UNITED STATES DISTRICT COURT

 2              SOUTHERN DISTRICT OF CALIFORNIA

 3

 4 UNITED STATES OF AMERICA,    ) Case No. 15CR7170-H
                                )
 5          Plaintiff,          ) San Diego, California
                                )
 6 vs.                          ) Monday,
                                ) November 27, 2017
 7 FREDDIE LOPEZ,               ) 2:00 p.m.
                                )
 8          Defendant.          )
   _____)
 9

10      TRANSCRIPT OF SENTENCE ON REVOCATION HEARING
            BEFORE THE HONORABLE MARILYN L. HUFF
11               UNITED STATES DISTRICT JUDGE

12 APPEARANCES:

13 For the Plaintiff:         TIMOTHY D. COUGHLIN, ESQ.
                              Assistant United States
14                              Attorney
                              880 Front Street
15                            San Diego, California 92101
                              (619) 546-6961
16
   For the Defendant:         THOMAS P. MATTHEWS, ESQ.
17                            Law Offices of Thomas P.
                                Matthews
18                            110 West "C" Street
                              Suite 1201
19                            San Diego, California 92101
                              (619) 276-1606
20
   Transcript Ordered by:     TIMOTHY D. COUGHLIN, ESQ.
21
   Court Recorder:            L. Lawrence
22                            United States District Court
                              333 West Broadway
23                            San Diego, California 92101

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.
```

*Echo Reporting, Inc.*

ii

1 Transcriber:                    Jordan R. Keilty
                                  Echo Reporting, Inc.
2                                 4455 Morena Boulevard
                                  Suite 104
3                                 San Diego, CA 92117
                                  (858) 453-7590
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
                                                                 1
 1    SAN DIEGO, CALIFORNIA   MONDAY, NOVEMBER 27, 2017 2:00 P.M.
 2                              --oOo--
 3        (Call to order of the Court.)
 4            THE CLERK:  Number six on calendar, 15CR7170, United
 5  States of America versus Freddie Lopez, for a sentence on
 6  revocation hearing.
 7            MR. MATTHEWS:  Good afternoon, your Honor.  Tom
 8  Matthews on behalf of Mr. Lopez, who's on custody and not yet
 9  present.
10            MR. COUGHLIN:  Tim Coughlin for the United States.
11            THE COURT:  Good afternoon.
12        (Pause.)
13            THE COURT:  Mr. Lopez is before the Court.  The
14  Court had an opportunity to review the brief filed by the
15  Government in response to the Defendant's motion for
16  termination of supervised release, and I find it useful so
17  that you understand the Court's rationale, the Defendant
18  miscalculates his full term date when he states that he's
19  already served eight years and six months of a nine-year
20  sentence.  The full term date by his treaty documents is
21  8/31/2019, determined by the United States Parole Commission
22  and the Bureau of Prisons.  The 36-month term of supervised
23  release imposed on December 17, 2015 is well within the full
24  term date, and so, therefore, the Defendant has not exceeded
25  his time on supervised release.  Therefore, the Court denies
```

2

1 the motion to terminate supervised release early.
2          MR. MATTHEWS:  All right.  Thank you, your Honor.
3          THE COURT:  And I think it helps to clarify the law
4 on this, that the Government and the Bureau of Prisons has
5 accurately calculated the Defendant's status here, and he's
6 admitted the violations of his supervised release.
7          Do you wish to argue any of that?
8          MR. MATTHEWS:  No, thank you.  We'll submit on
9 that.  I did receive the Government's documents, and I believe
10 their tabulations are accurate based on the -- the
11 representations as well for the additional documentation that
12 they were able to obtain.
13         THE COURT:  Exactly.
14         MR. MATTHEWS:  The documents that we filed were
15 based on two things.  You know, this is information we
16 obtained from our client and then, secondly, the admissible
17 documents we got from Probation regarding his sentence, which
18 were a little bit unclear.  They were a little difficult to
19 read, and I -- anyway, I don't need to get into it, but it
20 looks like we did miscalculate.  So I don't have any further
21 argument in terms of the motion, your Honor.
22         THE COURT:  All right.  Then in terms of the merits
23 on the supervised release violations?
24         MR. MATTHEWS:  Yes, your Honor.  Thank you.
25         Your Honor, Mr. Lopez, as the Court can see, served

a significant amount of time in custody on this sentence as well as on supervised release, and he did quite well for a period of two years, and the reason he is before the Court is for drug use, and this has been a battle for him that at his age he's still trying to conquer.

So the Court can see we are asking that the Court consider instead of giving any additional time in custody, which I don't think would really serve any purpose at this point in lieu of the amount of time he already has done on this offense, the Court would consider releasing him to a residential treatment program. I did provide information with that, and I believe a representative, a Laura Brown, was present at the last hearing. She was unable to be here today, but we're hopeful that the Court will consider releasing him to -- or at least allow him to do his time, any additional time in custody in residential treatment as I think that would best serve Mr. Lopez obviously as well as society.

Thank you.

THE COURT: Thank you.

Let's hear from U.S. Probation.

MR. MCCOSKERY: Good afternoon, your Honor. Casey McCoskery on behalf of Probation. My recommendation was below the guideline range. He is a Criminal History Category VI with the Grade C violations 8 to 14 months in custody. My recommendation was for six months in custody with treatment

4

after that. I do think a sober living environment -- and I think there needs to be some clarification on that. Last time it was presented as a sober living home, and this time it was presented as residential drug treatment. I did recommend residential drug treatment. He did attend and successfully complete outpatient drug treatment during this term and then, once again, fell back into substance abuse.

He works, and he does fantastic at what he does for a living. He makes a very good salary doing it, and so it would be best if he was given the opportunity to find either a residential program or a sober living environment that would allow him to work. However, I do think there should be some sort of punitive sanction for the breach of trust as he first started using drugs during the first year of supervised release and was given an opportunity to remain in the community. He then again used, as outlined in the petition, and we attempted to get him back into compliance by putting him on a curfew and location monitoring. That didn't work, and here we are before your Honor.

So my -- I'll submit on my recommendation of six months' custody.

THE COURT: So if the Court did three months, would that be sufficient?

MR. MCCOSKERY: I think that would be sufficient. I mean, I don't -- I don't think -- whether it's three months,

5

1 whether it's six months, I'll defer to your Honor on that.
2          THE COURT: Okay. Thank you.
3          MR. COUGHLIN: Your Honor, in this particular case
4 the Government would submit on that in terms of what is the
5 appropriate term of custody to be followed by some type of
6 treatment program. I would just note that obviously there is
7 a good working relationship between Probation and this
8 individual. Probation's recommending below the guideline
9 range for somebody with a Criminal History Category VI. So
10 based on those factors, I give great weight to Probation's
11 recommendation, and we would submit on that.
12          THE COURT: What do you do for work?
13          THE DEFENDANT: I'm a concrete finisher.
14          THE COURT: I see. All right.
15          MR. MATTHEWS: One other matter, your Honor.
16 Probation is requesting also an additional 30 months on
17 supervised release. I think, to be consistent with the papers
18 that have been filed in this case, I don't think it can
19 legally exceed August 31st, 2019.
20          THE COURT: Do you agree? The Government agrees?
21          MR. COUGHLIN: We do, your Honor.
22          THE COURT: Would you like to say anything to the
23 Court before the Court acts on this petition?
24          THE DEFENDANT: Yes. I would request to be given
25 another chance.

```
 1              THE COURT:  Okay.  Thank you.
 2              So one of the benefits about the Prisoner Transfer
 3 Treaty is that you get to be here in the United States rather
 4 than being in jail in Mexico.  And so the Court is impressed
 5 with Probation noting your skilled work.  You need to do that
 6 work, however, in a sober way.
 7              So the Court will revoke supervised release and
 8 issue a custodial term of three months in custody and then
 9 reimpose supervised release to terminate August 31, 2019, on
10 the additional condition that you either go into residential
11 drug treatment or some sober living environment.
12              I think as long as you're working, that's a
13 positive experience for you, but hopefully you can do so while
14 continuing to address your addiction issues and then hopefully
15 stay clean and sober.
16              Is there a question?
17              MR. MATTHEWS:  He was asking me if that meant he's
18 going to be released today, and I was going to respond to him
19 he hasn't been in custody quite three months yet.  It's going
20 to be --
21              THE COURT:  Yes.  You've got a little more time.
22              MR. MATTHEWS:  -- six plus weeks, so --
23              MR. MCCOSKERY:  Your Honor, in regards to the
24 conditions of release, I noted or outlined some of my
25 recommendations in the petition.  As the -- I guess the
```

7

1 interpretation from the Parole Commission didn't note any
2 specific special conditions.  So I noted the standard search
3 condition.
4             THE COURT:  Yes.  The Court will add the special
5 condition to submit your person, property, residence, office
6 or vehicle to a search conducted by a United States Probation
7 officer at a reasonable time and in a reasonable manner based
8 upon reasonable suspicion of contraband or evidence of a
9 violation of a condition of release.  Failure to submit to a
10 search may be grounds for revocation, and you're to warn other
11 residents that the premises may be subject to searches under
12 this condition.
13             You're not to enter or reside in the Republic of
14 Mexico without permission of the Court or Probation.  You're
15 to report vehicles owned or operated or in which you have an
16 interest to the Probation officer, and you're to enroll in and
17 complete a residential drug treatment program or,
18 alternatively, sober living environment, as directed by the
19 Probation officer.  And we'll prepare these conditions in
20 writing for you.
21             MR. MATTHEWS:  Your Honor, my client just now
22 pointed out to me that if he's not released today, he will
23 lose his job, and he will lose his housing.
24             THE COURT:  He's lucky that the Court did three
25 months of custody.

```
                                                          8
 1         MR. MATTHEWS:  I just wanted to put that on record.
 2 Thank you, your Honor.
 3      (Proceedings concluded.)
 4
 5
 6
 7
 8
 9         I certify that the foregoing is a correct
10 transcript from the electronic sound recording of the
11 proceedings in the above-entitled matter.
12
13 /s/Jordan Keilty                  8/1/18
   Transcriber                       Date
14
   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
15
16 /s/L.L. Francisco
   L.L. Francisco, President
17 Echo Reporting, Inc.
18
19
20
21
22
23
24
25
```