PROB 12C
(06/17)

January 23, 2019
pacts id: 251174

**AMENDED**

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

**AMENDED**

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Freddie James Lopez (English)    **Dkt No.:** 15CR07170-001-H

**Reg. No.:** 39817-198

**Name of Sentencing Judicial Officer:** Patricia W. Smoot and Cranston J. Mitchell, U.S. Parole Commissioners. (Originally sentenced by the 7th District Court in Tijuana, Baja California, Mexico). Upon 18 U.S.C. § 4106(A), treaty transfer to the Southern District of California, the case was assigned to The Honorable Marilyn L. Huff, Senior U.S. District Judge.

**Original Offense:** 18 U.S.C. § 922, Felon in Possession of a Firearm, a Class C felony. (Most analogous to Mexican charges of Carrying a Firearm for the Exclusive Use of the Mexican Military and Possession of Cartridges of the Exclusive Use of the Mexican Military.)

**Date of Revocation Sentence:** August 29, 2018

**Sentence:** Four months' custody; supervised release to expire on August 31, 2019 *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** August 30, 2018

**Asst. U.S. Atty.:** Timothy D. Coughlin    **Defense Counsel:** Thomas Paul Matthews
(Appointed)
(619) 346-4231

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT

**TO AMEND THE ORIGINAL ORDER TO SHOW CAUSE DATED, DECEMBER 17, 2018, TO INCLUDE THE FOLLOWING INFORMATION**

***

***Grounds for Revocation:*** Your Honor issued an emergency warrant on December 17, 2018. As to allegations 1 through 7, I have since received and reviewed the National City Police Department (NCPD) Arrest Report, No. 1806401, and the Complaint filed in San Diego County Superior Court, Case No. CS305286, which confirms the following: On December 15, 2018, at 12:45am NCPD Officers were dispatched to The Legendary McDini's Restaurant located at 105 East 8th Street in National City. The reporting party noted Mr. Lopez left the bar without paying his $413.52 bill. It was also disclosed that Mr. Lopez had a firearm concealed in his vehicle located in the parking lot. Officers observed a white Toyota pickup truck, bearing California license plate number 21460D2, stopped in the middle of the parking lot. Officers approached the vehicle and observed Mr. Lopez slumped forward in the driver's seat and passed out. The engine of the truck was on and the keys were in the ignition. Officers woke up Mr. Lopez and requested he turn off the engine and step out of the vehicle. Because there were reports of a firearm, he was detained in handcuffs.

Mr. Lopez denied having a firearm with him and stated he was waiting for his girlfriend to leave the bar. When officers inquired as to the name of his girlfriend, he provided two different names. Thereafter, Mr. Lopez admitted to driving his truck in the parking lot, as he waited for his girlfriend. Mr. Lopez had red, bloodshot eyes, slurred speech, his eyelids were droopy and there was a strong odor of alcohol on his breath. He was swaying and had to balance himself against the truck. Officers attempted to have Mr. Lopez perform a variety of field sobriety tests but he did not follow directions or refused to participate. Mr. Lopez then verbally admitted to consuming six beers. Mr. Lopez consented to a preliminary alcohol screening (PAS) which resulted in a blood alcohol content of 0.193% and 0.192%. Mr. Lopez was placed under arrest for driving under the influence of alcohol.

Mr. Lopez was found to have $600 cash in his pockets. The officers asked Mr. Lopez if he would like to pay his bill so that he would not have additional criminal charges, but he refused to do so.

During a search of the vehicle, officers found a blue bag behind the passenger seat. Inside the bag were two bottles of alcohol and a smaller black bag. The small black bag was opened and inside was a Smith & Wesson 9mm handgun with serial number DVV4004. The handgun was loaded with approximately 10 bullets in the magazine. There were additional bullets in a small plastic bag near the handgun and officers determined there to be 27 total bullets. It was later determined the handgun was reported stolen several years prior.

Mr. Lopez was booked into San Diego County Jail for the violations noted in allegations 1 through 7.

On December 19, 2018, a five-count Complaint was filed in San Diego County Superior Court, Case No. CS305286, charging Mr. Lopez with violations of California Penal Code (PC) § 29800(a)(1), Felon in Possession of a Firearm (Count One); PC § 30305(a)(1), Prohibited Person in Possession of Ammunition (Count Two); California Vehicle Code (VC) § 23152(a), Driving Under the Influence of Alcohol (Count 3); VC § 23152(b), Driving with a Measurable Blood Alcohol Content (Count 4); and PC § 537(a)(1), Defrauding an Innkeeper by Non-Payment of $950 or Less (Count 5). According to the District Attorney's Office, on January 11, 2019, Mr. Lopez pled guilty to Counts 1 and 4 (allegations 1 and 6). His next scheduled Court hearing is January 30, 2019, and a sentencing date will be soon thereafter.

| **AMENDED** | VIOLATION SENTENCING SUMMARY | **AMENDED** |
|---|---|---|

## SUPERVISION ADJUSTMENT

Mr. Lopez immediately started using controlled substances upon his release from custody. In fact, every urine sample submitted by Mr. Lopez after his release date on September 4, 2018, returned positive for the use of marijuana. Additionally, Mr. Lopez failed to appear for drug testing on two occasions. This non-compliance came directly after revocation of his previous term of supervised release and a custodial sanction well below the guideline range. Mr. Lopez showed no motivation to follow the Court's orders and his poor attitude and ongoing patterns of criminal thinking led to engagement in felonious criminal behavior that put the community at risk.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Lopez is a 53-year-old man. He spent most of his life in Southern California before transitioning into Mexico prior to the underlying offense. During this term of supervised release, Mr. Lopez noted he was in a relationship, but the details of that relationship is unknown. The supervisee is the father of two adult children, with whom he has established positive relationships, since his release. Mr. Lopez maintained steady employment throughout the term of supervision and is a successful concrete layer.

Mr. Lopez' criminal history stretches back to 1979, when he was just 14-years-old. His criminal history includes: unlawful possession of a weapon; discharge a firearm; attempted burglary; driving under the influence of alcohol (seven occasions); burglary; assault with a firearm; and possession for sale of methamphetamine. Mr. Lopez consistently abused alcohol throughout his life and struggled with the use of illicit drugs, including but not limited to PCP, cocaine, methamphetamine and marijuana. Additionally, Mr. Lopez is a long-time associate of the Shelltown criminal street gang.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by being in possession of a firearm (as described in 18 U.S.C.§ 921), the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(2), and USSG §7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

PROB12(C)

| | |
|---|---|
| Name of Offender: Freddie James Lopez | January 23, 2019 |
| Docket No.: 15CR07170-001-H | Page 4 |

**USSG Provisions:** USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves Felon in Possession of Firearm, which constitutes a Grade B violation. USSG §7B1.1(a)(1), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category VI (determined at the time of sentencing) establishes an imprisonment range of 21 to 27 months. USSG § 7B1.4, p.s. However, because the maximum of the imprisonment range exceeds the statutory maximum term, the **adjusted imprisonment range is 21 to 24 months**. USSG §7B1.4(b)(1), p.s.

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG § 7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>29 month(s)</u> supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of 7 months' custody in this case. 18 U.S.C. § 3583(b).

PROB12(C)
Name of Offender: Freddie James Lopez  January 23, 2019
Docket No.: 15CR07170-001-H  Page 5

## RECOMMENDATION/JUSTIFICATION

The underlying offense is for conduct related to weapon possession by a felon. Mr. Lopez was arrested and convicted of criminal conduct on five previous occasions in which he was in possession of a firearm and/or used a firearm in the commission of a crime. Additionally, Mr. Lopez was arrested on seven previous occasions for conduct related to driving under the influence of alcohol. Mr. Lopez has become a menace to our community and his conduct consistently puts the safety of others at risk. He has complete disregard for the laws of this country and made no progress or attempts to make meaningful change in his life. Should the allegations herein be sustained, it is recommended supervision be revoked and Mr. Lopez be sentenced to 24 months custody (the statutory maximum), consecutive to any sentence imposed in San Diego County Superior Court, Case No. CS305286, with no further supervision to follow, as due to the treaty transfer, a period of supervised release is no longer available.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: January 23, 2019**

Respectfully submitted:  
DAVID J. SULTZBAUGH  
CHIEF PROBATION OFFICER

by _____  
Kasey M. McCoskery  
Senior U.S. Probation Officer  
(619) 557-5518

Reviewed and approved:

_____  
Larry Huerta  
Supervising U.S. Probation Officer  
jga for MQ

PROB12CW                                                                                                  January 23, 2019

**AMENDED**              VIOLATION SENTENCING SUMMARY              **AMENDED**

1. **Defendant:** Lopez, Freddie James

2. **Docket No. (Year-Sequence-Defendant No.):** 15CR07170-001-H

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Felon in Possession of Firearm | B |
| Possession of Ammunition | B |
| Carry Loaded firearm in Public Place | B |
| Defraud Innkeeper: Less than $950 | C |
| Driving on a Suspended License | C |
| Driving Under the Influence of Alcohol | C |
| Driving Under the Influence of Alcohol: Great than 0.15% BAC (2nd Offense) | B |
| Marijuana use/Failure to report for drug testing | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))          [ B ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                [ VI ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                    [ 21 to 24 months* ]

*A Grade B violation with a Criminal History Category VI (determined at the time of sentencing) establishes an imprisonment range of 21 to 27 months. USSG § 7B1.4, p.s. However, because the maximum of the imprisonment range exceeds the statutory maximum term, the **adjusted imprisonment range is 21 to 24 months**. USSG §7B1.4(b)(3)(A), p.s.

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____        Community Confinement _____
    Fine($) _____                Home Detention _____
    Other _____                  Intermittent Confinement _____

PROB12(C)

Name of Offender: Freddie James Lopez  
Docket No.: 15CR07170-001-H

January 23, 2019  
Page 7

## THE COURT ORDERS:

__X__ THE ORIGINAL ORDER TO SHOW CAUSE DATED DECEMBER 17, 2018, BE AMENDED TO INCLUDE THE ABOVE NOTED INFORMATION.

_____ Other _____

_____

_____

_____*Marilyn L. Huff*_____        __1/28/19__  
The Honorable Marilyn L. Huff                    Date  
Senior U.S. District Judge