# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FREDDIE LOPEZ, <br><br> Defendant. | Case No. 15CR7170-H <br><br> ORDER REGARDING DEFENDANT'S LETTER |

On January 22, 2020, the Court received a letter from Defendant Freddie Lopez ("Defendant") concerning the term of his supervised release.[1] (Doc. No. 38.) The Court ordered the Defendant's letter be filed nunc pro tunc to the date the letter was received by the Clerk's Office. (Doc. No. 39.) The Defendant indicated in his letter that he is currently in state custody serving a sentence in an unrelated offense. (Doc. No. 38.) The Defendant further indicated that the U.S. Marshals Office sent a notification of detainer based on a violation of supervise release but contests the detainer based on his understanding that his supervised release term expired on August 31, 2019. (Id.)

---

[1] Although the Defendant refers to his term of supervision as probation, the Defendant is serving a term of supervised release and not a term of probation. See Judgment, Doc. No. 32; See also 18 U.S.C. § 3583 (addressing supervised release) and 18 U.S.C. §§ 3561-3566 (addressing probation).

-1-

Although the Court re-imposed a term of supervised release that is set to expire on August 31, 2019 (Doc. No 32), on December 17, 2018 the Court issued a warrant for the Defendant's arrest based on U.S. Probation's petition alleging multiple violations of supervised release (Doc. Nos. 34 and 35).

"After the period of supervised release has expired, however, the district court can revoke the term of supervised release only if a warrant based on sworn facts was issued within the supervised release period." United States v. Murguia-Oliveros, 421 F.3d 951, 953 (9th Cir. 2005); see also 18 U.S.C. § 3583(i)[2] and 18 U.S.C. § 3624(e)[3]. Furthermore, a defendant's term of supervised release is tolled when he is in "fugitive status." United States v. Watson, 633 F.3d 929, 931 (9th Cir. 2011) (citing United States v. Crane, 979 F.2d 687, 691 (9th Cir.1992)). A defendant is in fugitive status when he fails to comply with the terms of his supervised release. Id. (citing Murguia-Oliveros at 953). Additionally, "[a] person on supervised release should not receive credit against his period of supervised release for time that, by virtue of his own wrongful act, he was not in fact observing the terms of his supervised release." Murguia-Oliveros at 954.

In this case, the Court issued an arrest warrant prior to the date the Defendant's supervised release was set to expire. (Doc. No. 35). Furthermore, it is evident that the Defendant has failed to comply with the terms of his supervised release as indicated both in the Probation Officer's petition to revoke supervised release and in the

---

[2] 18 U.S.C. § 3583(i) provides:
> Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

[3] 18 U.S.C. § 3624(e) provides in pertinent part that:
> A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

Defendant's own letter to the Court. (Doc. Nos. 34 and 38.) Accordingly, the Court declines to take action on the Defendant's letter and will address any further arguments at the appropriate time when the Defendant is transferred to federal custody to answer the alleged violations of the terms and conditions of his supervised release.

The Clerk is directed to send a copy of this order to the Defendant.

IT IS SO ORDERED.

DATED: February 5, 2020

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE