Danielle Iredale
California State Bar No. 304693
105 West F St. 4th Floor
San Diego, CA 92101
Tel: (619) 233-1525
danielle.iredale@gmail.com

Attorney for Freddie Lopez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FREDDIE LOPEZ,<br><br>Defendants. | CASE NO.:   15CR7170<br><br>Hon. Marilyn L. Huff<br><br>Hearing Date: September 14, 2020<br><br>**MOTION TO DISMISS PETITION AND FOR IMMEDIATE RELEASE OF MR. LOPEZ** |

    This case is before this Court on an Order to Show Cause in a criminal case that initiated as a treaty transfer.  On December 23, 2015, jurisdiction was transferred as to Freddie Lopez from Mexico.  At that time, the US Parole Commission determined that the maximum date for Mr. Lopez's supervised release term/custody time on the federal case is August 31, 2019.  The Transfer Treaty Determination clearly states at page 1, under heading, "Period of Supervised Release," that if "the full term date of transferee's foreign sentence [calculated to be 8/31/2019] occurs before the completion of the period of supervised release the Commission has imposed, transferee's period of supervised release shall end on the date of transferee's foreign sentence expires."  ECF Doc. No. 1,

    Under 18 USC § 4105 and §4106A, Mr. Lopez cannot be held in custody or

on supervised release past the full-term date of August 31, 2019.  At the time of this filing, it is over one year past the full-term date of transferee's foreign sentence.  Accordingly, supervised release must end, the OSC petition must be dismissed, and Mr. Lopez should be released from custody.

In fact, the issue of the maximum sentence date has been previously litigated in this case.  At ECF Doc. No. 15, the Government submitted a declaration from the US Parole Commission stating that August 31, 2019 was the maximum date for Mr. Lopez to be on supervision or serve time in custody.  At paragraph 4, the declaration states "It is my opinion that the Court reviewing a supervised release action . . . can order any combination of reimprisonment and supervised release that does not exceed the maximum full term date 8/31/2019 as determined by the parole commission."  Now that August 31, 2019 has passed, the petition should be dismissed.

Unlike the statutes concerning supervised release which specifically set forth rules regarding tolling, see 18 USC §3624(e), the statutes governing the transfer treaty, 18 U.S.C. §4105 and 4106A, have no such provisions.  Time is not tolled when considering the maximum term date after which the Court loses jurisdiction.  The law is clear: the petition should be dismissed, and Mr. Lopez should be released.

In addition to the strong legal justification, equitable concerns also support dismissal.  Mr. Lopez already served nearly two years in state custody for the gun possession charge underlying the petition here.  He was arrested on December 15, 2018 and has been in custody since then (he served his state sentence and has been in federal custody since June).  He also has three years of parole in the state system based on the state gun conviction, so he will remain under California's criminal supervision.

Finally, he is very medically vulnerable to Covid-19.  He has Hepatitis C, active tuberculosis, high blood pressure, and is also clinically obese.  Counsel has

his medical documents from the jail and will provide them to this Court in a more private manner.  Mr. Lopez is currently housed at CCA, which currently has an active outbreak.

    For all these reasons, Mr. Lopez respectfully requests that this Court dismiss the petition, terminate his period of supervised release, and order him released from custody.

    Should the Court decline to dismiss the petition, the above information would be put forth to request a sentence of time served on an admission and termination of any further supervised release.  Specifically, Mr. Lopez would ask the Court to consider his serious health concerns which put him at a greater risk for serious complications from COVID, the fact that he has served two years in custody for the same allegations underlying the petition, and the fact that his sentence and any period of supervised release should have terminated a year prior to the date of this hearing.

Dated: 9/7/20

Respectfully Submitted,

*/s/ Danielle Iredale*
Danielle Iredale,
Attorney for Mr. Lopez