ROBERT S. BREWER, JR.
United States Attorney
TIMOTHY D. COUGHLIN
Assistant U.S. Attorney
California Bar No. 144911
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6768
Email: timothy.coughlin@usdoj.gov

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FREDDIE LOPEZ, <br><br> Defendant. | Case No. 15-CR-7170-H <br><br> DATE: September 14, 2020 <br><br> **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PROBATION'S PETITION AND IMMEDIATE RELEASE FROM CUSTODY** |

COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Robert S. Brewer Jr., United States Attorney, and Timothy D. Coughlin, Assistant United States Attorney, and respectfully submits the following Response and Opposition to Defendant's Motion to dismiss U.S. Probation's Petition and immediately release Defendant Freddie Lopez (Defendant) from custody.

///
///
///
///
///
///

I.

**DEFENDANT'S MOTION TO DISMISS PROBATION'S PETITION FOR VIOLATION OF SUPERVISED RELEASE SHOULD BE DENIED**

Defendant Freddie Lopez ("Defendant") comes before this Court based on his motion to dismiss U.S. Probation's December 17, 2018 Petition (Petition) that he violated his supervised release. Defendant argues his full term of custody and supervised release as determined by the parole commission was August 31, 2019. Further Defendant argues since the provisions governing the transfer treaty, 18 U.S.C. Sec. 4105 and 4106A have no provisions for tolling, when considering the maximum combined term of custody and supervised release, this Court lost jurisdiction on August 31, 2019 and should dismiss the petition.

The government urges the court to reject that interpretation of tolling and recognize it runs counter to the normal tolling provisions. See, 18 U.S.C. Sec. 3624(e). Further and contrary to Defendant's claim, government counsel contends that 18 U.S.C. Sec. 4105 states an offender shall be held in the custody of the Attorney General under the same conditions and terms as if he was sentenced by a court in the United States, which includes tolling provisions for when an individual on supervised release violates one of the terms of his supervision. In addition, Sec. 4105(3) provides credit toward service of a sentence may be withheld, as provided in section 3624(b). Which would appear to contemplate some form of tolling. Also, 18 U.S.C. Sec. 3583 is incorporated by reference and grants the court the authority of a delayed revocation if a warrant has been issued, which in this case, it was. These all lead to the same logical conclusion that Defendant's term of supervised release was tolled on December 15, 2018, when he was no longer serving his sentence or under supervision related to his underlying conviction and the terms of his transfer from a foreign term of custody. Rather, he was in state custody on new charges of being a felon in possession of a firearm and ammunition.

Consistent with the parole board's finding in this case, the government <u>does not</u> contend Defendant may be held in custody or on supervised release for a combined total

time to exceed the time between June 15, 2018 and August 31, 2019 (approximately 14 and half months) when his sentence was tolled. To find the time that this Court could act, continued to run, while Defendant was in state custody, flies in the face of common sense. The government urges the Court to deny Defendant's motion to dismiss the Petition, find it has jurisdiction and determine the appropriate sentence to impose.

The Petition, filed on December 17, 2018, states Defendant commenced his term of supervised release on August 30, 2018, consistent with the terms of the treaty transfer. On December 15, 2018, Defendant was taken into custody by the National City Police Officers and charged with being a felon in possession of a firearm and ammunition, charges unrelated to any federal case. Defendant resolved those charges by pleading guilty served his time. He was transferred into federal custody in June 2020, to answer for the violations contained in U.S. Probation's December 2018 Petition. Based on a plain reading of the provisions which govern treaty transfers and the tolling provisions for supervised release, this Court has the authority to impose a combined term of custody and/or supervised release not to exceed the time-period Defendant's sentence was tolled (approximately 14 months).

## II.

### THE DEFENDANT'S MEDICAL ISSUES AND PENDING STATE PAROLE INFORM THE GOVERNMENT'S RECOMMENDATION

As Defendant has pointed out, there are equitable concerns that should inform any sentence the Court imposes. Defendant has severed nearly two years in state custody for a gun possession charge and he will begin a three year term of parole under the California state law, when he concludes his pending federal violation. Based on Defendant's medical records submitted and reviewed, Defendant is medically vulnerable to Covid-19, has Hepatitis C, active tuberculosis, high blood pressure and is clinically obese. Further, the current status of the pandemic means all persons incarcerated face an elevated danger they will contract Covid 19. Given these factors the government makes the following

recommendation. If Defendant admits allegations numbers 1 and 2 in the Petition, that is, on December 15, 2018, he was in violation of his federal supervised release when as a felon, he possessed a firearm and ammunition in violation of California law. The government would recommends a time served sentence and Defendant's supervised release be terminated.

## III.
## CONCLUSION

Based on the foregoing reasons, the United States respectfully requests that this Court deny the Defendant's Motion.

DATE: September 10, 2020

Respectfully submitted,
ROBERT S. BREWER, JR.
United States Attorney

/s/ Timothy D. Coughlin
TIMOTHY D. COUGHLIN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> FREDDIE LOPEZ, <br> Defendant. | Case No. 15-CR-7170-H <br><br> **CERTIFICATE OF SERVICE** |

I, the undersigned, declare under penalty of perjury, that I am over the age eighteen years and I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Motion to Dismiss Probation's Petition he violated the terms of his supervised release on the following parties by electronically filing the foregoing with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies them:

Danielle Iredale, Esq. Attorney for Defendant

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 10, 2020,

/s/ Timothy D. Coughlin
Timothy D. Coughlin
Assistant U.S. Attorney